UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF DETROIT,

        Plaintiff,                        Case Number 10-12427
                                                       Honorable David M. Lawson

v.

STATE OF MICHIGAN and COMCAST OF
DETROIT,

        Defendants,

and

MICHIGAN ATTORNEY GENERAL,

        Intervenor.
_____/

### ORDER DENYING DEFENDANT COMCAST'S MOTION FOR RECONSIDERATION

On July 10, 2012, the Court entered an order granting in part and denying in part the parties' motions for summary judgment and requiring additional briefing. In that order, the Court determined that there was no franchise agreement in place between the City of Detroit and Comcast of Detroit, and that under Michigan Supreme Court precedent, defendant Comcast was a trespasser, rather than a holdover tenant. The Court ordered additional briefing on the appropriate remedy.

On July 24, 2012, defendant Comcast of Detroit filed a motion for reconsideration of the Court's order. Defendant Comcast argues that no party addressed the question of whether Comcast should be considered a trespasser, that Comcast cannot be a trespasser because it has continued to operate with the consent of the City of Detroit, and that Comcast possesses a franchise to continue operating its cable system in the City of Detroit under either the 2007 or 1985 agreement.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

Defendant Comcast first argues that the Court should reconsider the portion of its order deeming defendant Comcast a trespasser on the basis that neither party advanced this argument. But the parties' failure to brief this issue when there is Michigan Supreme Court authority directly addressing it is not grounds to reconsider the Court's order. The Court's ruling logically flowed from the authority set forth by the Michigan Supreme Court, which the parties ignored at their peril. Defendant Comcast's remaining arguments merely seek to raise issues already considered and decided by the Court. The parties may advance arguments regarding the consequences of defendant Comcast's trespasser status in the supplemental briefing ordered by the Court.

Accordingly, it is **ORDERED** that defendant Comcast's motion for reconsideration [dkt. #77] is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: August 7, 2012

-2-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 7, 2012.

                                             s/Deborah R. Tofil
                                             DEBORAH R. TOFIL