UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF DETROIT,

        Plaintiff,                    Case Number 10-12427
                                            Honorable David M. Lawson

v.

STATE OF MICHIGAN and COMCAST OF
DETROIT,

        Defendants,

and

MICHIGAN ATTORNEY GENERAL,

        Intervening defendant.
_____/

## ORDER GRANTING IN PART MOTION TO CERTIFY ORDERS FOR INTERLOCUTORY APPEAL

The City of Detroit filed a complaint alleging that defendant Comcast of Detroit, the City's cable television provider, was subject to and violated the terms the terms of a franchise agreement between Comcast and the City, which expired on February 28, 2007. The City contended that the expired franchise agreement was effective because no new agreement had been reached. Comcast contended that Michigan's Uniform Video Services Local Franchise Act (the Michigan Act), Mich. Comp. Laws § 484.3301 *et seq.*, established a new franchise agreement by operation of law, the terms of that agreement governed after February 2007, and Comcast was in compliance. The City responded that the Michigan Act is preempted by the Cable Communications Policy Act ("the Cable Act"), 47 U.S.C. § 521 *et seq.*

On July 10, 2012, the Court filed an opinion and order granting in part and denying in part the parties' motions for partial summary judgment. The Court found that the City of Detroit has

standing to challenge the validity of certain aspects of the Michigan Act on federal preemption grounds, but that it has no standing to challenge the Act's removal of municipalities' authority to enforce customer service and anti-discrimination provisions in existing franchise agreements, and that controversy is not ripe. The Court also held that the provisions of the Michigan Act addressing the modification of existing franchise agreements and barring enforcement provisions relating to public, government, and education channels are invalid on federal preemption grounds. However, the Court also held that the Act's renewal procedures and its failure to require universal build-outs are not preempted by federal law. The Court also held that the state attorney general offered a construction of the Act that avoids a conflict with the state constitution, that is, that municipalities may refuse to approve a franchise renewal application and negotiate acceptable terms with the cable provider, without the standard form agreement prescribed by the Michigan Act automatically taking effect. Therefore, the Court held that the Act does not violate the Michigan constitution. The Court then concluded that Comcast and the City have no current franchise agreement in place. Because Michigan law does not permit a franchisee to be regarded as a holdover tenant, the Court held that Comcast must be found to be a trespasser.

Comcast filed a motion for reconsideration of the Court's order, which the Court denied on August 7, 2012.

Thereafter, the Court directed the parties to file briefs on the appropriate remedies to address Comcast's status as a trespasser. The City takes the position that it is entitled to damages from Comcast consisting of the obligations Comcast failed to fulfill under the expired agreement, and damages resulting from operating its cable system in the City without a franchise agreement. Comcast responds that the City is entitled to no more than nominal damages because it never treated

Comcast as a trespasser and it accepted some of the benefits under Comcast's version of the franchise agreement that Comcast had deemed effective. The Court held a status conference to discuss discovery issues. Comcast concedes that damages discovery could include information on the profitability of Comcast's Detroit cable system, the effect of Comcast's cable system on the value of the City's rights-of-way, payments Comcast made to the Detroit Public Benefits Corporation, and the uses the City made of those payments. Because discovery during the damage phase of the lawsuit could be extensive and costly, Comcast proposed that the liability issue be vetted in the court of appeals first.

On January 7, 2013, Comcast filed a motion to certify the Court's orders on the motions for partial summary judgment and for reconsideration for interlocutory appeal. Comcast argues that the following three legal questions render the Court's orders appropriate for certification: whether the Michigan Act allows local franchising authorities to deny a uniform franchise application, whether the federal Cable Act preempts the provision of the Michigan Act that modifies existing franchise agreements, and whether Michigan law requires that Comcast be deemed a trespasser.

The City argues that certification is not appropriate because there is no substantial ground for difference of opinion with respect to either the Court's summary judgment order or its order on Comcast's motion for reconsideration. The City also argues that certification would not advance the outcome of litigation because if the Sixth Circuit were to agree with Comcast's argument as to the correct interpretation of the Michigan Act's renewal provision, it would be compelled to find that the renewal provision is invalid under the Michigan Constitution and preempted by the Cable Act because the provision strips Detroit of its authority to deny a franchise application and sidesteps the Cable's Acts notice and participation requirements. Finally, the City argues that if the Court grants

Comcast's motion, it should certify the entire summary judgment order rather than isolated issues contained in the order.

A district court may certify an order not otherwise appealable for interlocutory appeal where the Court finds that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The statute contains three requirements: first, that the legal issues involved are controlling; second, that there is substantial ground for difference of opinion as to those issues; and third, that appeal would materially advance the ultimate termination of litigation. However, "§ 1292(b) should be sparingly applied and used only to avoid protracted and expensive litigation." *West Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1018 (W.D. Tenn. 2000) (citing *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974)).

"A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351, 345 (6th Cir. 2002). The plaintiff apparently does not dispute that the Court's orders involve controlling questions of law.

Substantial grounds for difference of opinion exist where "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876-77 (E.D. Mich. 2012) (quoting *City of Dearborn v. Comcast of Michigan III*, No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)). The City argues that there is no substantial ground for difference of opinion with

-4-

respect to either the Court's summary judgment order or its order on Comcast's motion for reconsideration. The City contends that the Court's decision was well-founded and beyond reasonable dispute, especially with respect to the Court's finding that the Cable Act's franchise modification procedure conflicts with the state act's automatic modification of existing franchises. The City also points out that the Court adopted the Michigan Attorney General's "plausible construction" of the state act's renewal provision. The City also argues that the Court correctly applied Local Rule 7.1(h)(3) to Comcast's motion for reconsideration.

The Court denied Comcast's motion for reconsideration because it was an attempt to rehash issues already addressed in the summary judgment motions, except for the question whether Comcast must be considered a trespasser under Michigan law. However, the trespass ruling flowed directly from established precedent laid down by the Michigan Supreme Court, and Comcast's failure to brief the question did not justify reconsideration of the summary judgment order. The Court does not see much difference of opinion — much less a substantial one — on that score.

There are two questions that are novel and therefore have little precedent to provide guidance: whether the Cable Act preempts the sections of the Michigan Act addressing the modification of existing franchise agreements and barring enforcement provisions relating to public, government, and education channels; and whether the Court correctly interpreted the Michigan Act in the manner suggested by the state attorney general to conclude that municipalities may refuse to approve a franchise renewal application and negotiate acceptable terms with the cable provider, without the standard form agreement prescribed by the Michigan Act automatically taking effect. As a result, there may be substantial grounds for difference of opinion with the Court's holding on those points. The issues of the interpretation of the Michigan Act and its potential preemption have

not been addressed by the Sixth Circuit or the Michigan courts, and there is little precedent on the issue of Comcast's status. Therefore, the Court finds that there is substantial grounds for difference of opinion on those issues.

Finally, the Court finds that an immediate appeal of its rulings may materially advance the ultimate termination of the litigation. "An interlocutory appeal materially advances litigation when it 'save[s] judicial resources and litigant expense.'" *Newsome*, 873 F. Supp. 2d at 878 (quoting *West Tennessee Chapter of Associated Builders and Contractors, Inc.*, 138 F. Supp. 2d at 1026). "When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 351 (quoting *White v. Nix*, 43 F.3d 374, 378-79 (8th Cir. 1994)) (alteration in original). However, that is not the case here. Instead, resolution of the liability issues on appeal could allow the parties to "avoid protracted and expensive litigation." *In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992). The case is poised to enter the damage discovery phase and potentially to proceed to trial on the issues of breach of contract and damages. If the Court's decisions on the issues highlighted are reversed, litigation in this Court might be terminated, and the need for discovery would either be obviated or greatly diminished.

The plaintiff makes another valid point: a certification order generally is not confined to discrete issues; rather, it addresses an entire opinion or order entered by the district court. *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) ("As the text of § 1292(b) indicates, appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court. . . . [T]he appellate court may address any issue fairly included within the certified order because it is the *order* that is appealable, and not the

controlling question identified by the district court." (internal quotation marks and citation omitted)). The plaintiff apparently would like the opportunity to challenge portions of the order adverse to it — for example, the Court's determination that the state act is not entirely preempted by the Cable Act. The Court agrees that once the summary judgment order is certified for appeal, there is no reason the City could not seek permission to appeal under Federal Rule of Appellate Procedure 5.

The Court finds that its opinion and order granting in part and denying in part the cross motions for summary judgment satisfies the provisions of 28 U.S.C. § 1292(b) and therefore should be certified to the court of appeals for its consideration. The order denying Comcast's motion for reconsideration does not meet the requirements of the statute.

Accordingly, it is **ORDERED** that defendant Comcast's motion to certify orders for interlocutory appeal [dkt. #87] is **GRANTED IN PART**.

It is further **ORDERED** that the Court's opinion and order granting in part and denying in part the cross motions for summary judgment entered July 10, 2012 [dkt. #76] is **AMENDED** to include a certification of appealability, in accordance with 28 U.S.C. § 1292(b).

It is further **ORDERED** that defendant Comcast's motion to stay proceedings [dkt. #88] is **GRANTED IN PART**.

It is further **ORDERED** that the case is **STAYED** for a period of thirty (30) days, until **May 4, 2013**, to permit any party to file a motion in the United States Court of Appeals for the Sixth Circuit for permission to appeal under Federal Rule of Appellate Procedure 5. *See* Fed. R. App. Pro. 4(a)(1)(A), 5(a)(2). If no such motion is filed within that time, the stay will be dissolved. If such a motion is filed, the stay will continue until the motion is resolved by the court of appeals.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 3, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 3, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL